UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WESTBORO CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRY CASUALTY INSURANCE COMPANY, an Illinois Corporation; COUNTRY MUTUAL INSURANCE COMPANY, an Illinois Corporation; EAGLE WEST INSURANCE COMPANY, a California Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Westboro Condominium Association (the "Association") alleges as follows:

### I.     INTRODUCTION

1.1     This is an action for declaratory judgment, breach of contract, bad faith violations, Insurance Fair Conduct Act Violations ("IFCA"), Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendants Country Casualty Insurance Company ("Country Casualty"), Country Mutual Insurance Company ("Country Mutual") (Country Casualty and Country Mutual shall hereinafter be collectively referred to as "Country") and Eagle West Insurance Company

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

("Eagle West") insurance policies issued to the Association. The Association is seeking a ruling that: (1) Country and Eagle West's policies provide coverage for the hidden damage at the Westboro Condominiums; and (2) Country and Eagle West are liable for money damages for the cost of repairing hidden damage at the Westboro Condominiums.

(B)     Damages for breach of contract, bad faith, and violations of the CPA against Country and Eagle West.

(C)     Violations of the IFCA against Eagle West.

(D)     Attorneys' fees and costs (including expert witness fees) against Country and Eagle West.

(E)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Federal Way, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Westboro Condominiums. The Westboro Condominiums consist of seventeen (17) two-story buildings containing sixty-eight (68) units constructed in approximately 1980. The exterior cladding consists of cedar and fiber cement lap siding with cedar trim. The siding is installed over asphalt impregnated weather resistive barrier ("WRB") and a combination of ThermoPly structural sheathing and a pressboard sheathing.

2.2     <u>Country Casualty</u>. Country Casualty is an Illinois domiciled insurer with its principal place of business in Bloomington, Illinois. Country Casualty is registered and authorized to sell insurance in Washington. The Association is seeking coverage against any policy Country Casualty issued to the Association.

2.3     <u>Country Mutual</u>. Country Mutual is an Illinois domiciled insurer with its principal place of business in Bloomington, Illinois. Country Mutual is registered and authorized to sell insurance in

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
INSURANCE FAIR CONDUCT ACT VIOLATIONS,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

Washington. The Association is seeking coverage against any policy Country Mutual issued to the Association.

2.4     Insurance Policy No. WA 200216103-00, including any and all subsequent policy renewals, was sold by Country Casualty and Country Mutual to the Association. The Policy states that it was issued by Country Casualty, but the Policy was signed by Country Mutual. Country Mutual was the entity that responded to the Association's claim and issued the denial letter to the Association. Upon information and belief, the Association alleges that Country Mutual is the successor in interest to Country Casualty and is liable for all of the damages owed under the Country Casualty policy(s).

2.5     <u>Eagle West</u>. Eagle West sold property insurance Policy No. 25-BOP-2-1821085 (in effect from at least 08/19/2013 – 08/19/2018), which identified the Westboro Condominiums as covered property, to the Association. Eagle West is a California domiciled insurer with its principal place of business in Monterrey, California. Eagle West is registered and authorized to sell insurance in Washington.

2.6     <u>Doe Insurance Companies 1–10</u>.  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Westboro Condominiums as covered property.

2.7     <u>Westboro Insurers</u>.  Country, Eagle West, and Doe Insurance Companies 1–10 shall be collectively referred to as the "Westboro Insurers."

2.8     <u>Westboro Policies</u>. The policies issued to the Association by the Westboro Insurers shall be collectively referred to as the "Westboro Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000 as the Association's experts have opined that the cost to repair the hidden damage at the Westboro Condominiums is in excess of $5,000,000.00.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Westboro Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium buildings are located in King County.

## IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Country and Eagle West</u>. In December 2019, Evolution Architecture ("Evolution") conducted a limited intrusive investigation at the Westboro Condominiums and discovered hidden water damage to the exterior sheathing and framing. On December 30, 2019, the Association tendered an insurance claim to Eagle West. On January 6, 2020, the Association tendered an insurance claim to Country. As part of its claim tender, the Association asked Country and Eagle West to investigate for any other hidden damage that may exist at the Westboro Condominiums.

4.3     <u>Joint Intrusive Investigation</u>. The Association (including Evolution), Country (including its expert consultant(s) at Rimkus Consulting Group), Eagle West (including its expert consultant(s) at YA Engineering Services), and the Association's other historical insurers and respective consultants conducted a joint intrusive investigation of the Westboro Condominiums in June 2020. The joint intrusive investigation revealed system-wide damage to the sheathing and framing at the Westboro Condominiums.

4.4     <u>Evolution's Findings Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report dated July 3, 2020. It is Evolution's opinion that the primary cause of the hidden damage at the Westboro Condominiums is water intrusion in the form of rainwater events, including wind-driven rain. According to Evolution, the hidden damage at the Westboro Condominiums has occurred incrementally and progressively each year from 1980 to the present, and some damage commenced during both Country and Eagle

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

West's policy periods. It is expected that similar levels of damage would be found at other locations not investigated at the Westboro Condominiums. The Association's experts have opined that the cost to repair the hidden damage at the Westboro Condominiums is in excess of $5,000,000.00.

4.5   Country's Denial of the Association's Claim. On December 14, 2020, Country unreasonably denied the Association's insurance claim.

4.6   Eagle West's Denial of the Association's Claim and IFCA Letter to Eagle West. On December 4, 2020, Eagle West unreasonably denied the Association's insurance claim. In compliance with the IFCA, the Association provided written notice to Eagle West and the Washington State Office of the Insurance Commissioner as to why Eagle West's coverage denial was unreasonable. The Association's IFCA letter explained that, among other deficiencies, Eagle West's denial was unreasonable in that its grounds for denying coverage ignored relevant Washington case law that previously interpreted identical policy provisions in favor of coverage. To date, Eagle West has failed to cure its unreasonable denial of the Association's claim.

## V.   FIRST CLAIM AGAINST THE WESTBORO INSURERS: DECLARATORY RELIEF THAT THE WESTBORO POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.6, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)   That the Westboro Policies cover the hidden damage to exterior sheathing and framing at the Westboro Condominiums.

(B)   No exclusions, conditions, or limitations bar coverage under the Westboro Policies.

(C)   That the loss or damage to the Westboro Condominiums was incremental and progressive. New damage commenced during each year of the Westboro Policies.

(D)   As a result, the Westboro Policies cover the cost of investigating and repairing the hidden damage at the Westboro Condominiums.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## VI. SECOND CLAIM: AGAINST COUNTRY FOR BREACH OF CONTRACT

6.1     Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Country has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Westboro Condominiums.

6.3     Country breached its contractual duties by wrongfully denying coverage on December 14, 2020, and by failing to pay the cost of repairing the covered damage to the Westboro Condominiums.

6.4      As a direct and proximate result of Country's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of Country's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST EAGLE WEST FOR BREACH OF CONTRACT

7.1     Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     Eagle West has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Westboro Condominiums.

7.3     Eagle West breached its contractual duties by wrongfully denying coverage on December 4, 2020, and by failing to pay the cost of repairing the covered damage to the Westboro Condominiums.

7.4      As a direct and proximate result of Eagle West's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

7.5     Additional Damages. As a direct and proximate result of Eagle West's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs,

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VIII.  FOURTH CLAIM: AGAINST COUNTRY FOR INSURANCE BAD FAITH

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.5, above, as if fully set forth herein.

8.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

8.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

8.4     Country had a duty to investigate, evaluate, and decide the Association's claim in good faith. Country breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the Westboro Condominiums; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of loss under its policy(s); (3) acknowledge that coverage is preserved under the resulting loss provision in its policy(s); (4) acknowledge that there is coverage under its policy(s) when damage results from a

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

concurrent combination of wind-driven rain and inadequate construction; and (5) define key undefined terms in its policies in favor of the Association as required by Washington law.

8.5     Country ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by Country. Country unreasonably denied coverage for any and all hidden damage at the Westboro Condominiums. Country's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Country's financial interests ahead of the Association's to the Association's detriment.

8.6     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Country's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Country to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Country to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require Country to construe ambiguities in facts, law, or policy language in favor of coverage.

8.7     Country's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Country's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
INSURANCE FAIR CONDUCT ACT VIOLATIONS,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## IX. FIFTH CLAIM: AGAINST EAGLE WEST FOR INSURANCE BAD FAITH

9.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 8.7, above, as if fully set forth herein.

9.2   As stated above, the business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

9.3   The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

9.4   Eagle West had a duty to investigate, evaluate, and decide the Association's claim in good faith. Eagle West breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things failing to: (1) acknowledge that weather conditions such as wind-driven rain were one of the causes of the hidden damage at the Westboro Condominiums; (2) acknowledge that weather conditions such as wind-driven rain are covered causes of loss under its policies; (3) acknowledge that coverage is preserved under the resulting loss provision in its policies; (4) acknowledge that there is coverage under its policies when damage results from a concurrent combination of wind-driven rain and inadequate construction; and (5) define key undefined terms in its policies in favor of the Association as required by Washington law.

9.5   Eagle West ignored case law in the Western District of Washington that is directly contrary to the coverage positions taken by Eagle West. Eagle West unreasonably denied coverage for any

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

and all hidden damage at the Westboro Condominiums. Eagle West's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Eagle West's financial interests ahead of the Association's to the Association's detriment.

9.6     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Eagle West's conduct violated Washington claims handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Eagle West to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Eagle West to adopt and implement reasonable standards for the prompt investigation of claims.
- Which require Eagle West to construe ambiguities in facts, law, or policy language in favor of coverage.

9.7     Eagle West's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Eagle West's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## X.     SIXTH CLAIM: AGAINST EAGLE WEST FOR IFCA VIOLATIONS

10.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 9.7, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
INSURANCE FAIR CONDUCT ACT VIOLATIONS,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 10

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

10.2    The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Eagle West's denial of the Association's claim was unreasonable. Pursuant to the IFCA, the Association provided written notice to Eagle West of its IFCA cause of action and explained in detail why Eagle West's coverage denial was unreasonable. Eagle West failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

10.3    The Association has been injured by Eagle West's failure to change its unreasonable denial of coverage. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

## XI. SEVENTH CLAIM: AGAINST COUNTRY AND EAGLE WEST FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

11.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 10.3, above, as if fully set forth herein.

11.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of Country and Eagle West was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Country and Eagle West's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## XII.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

12.1    <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Westboro Policies provide coverage as described herein.

12.2    <u>Money Damages.</u> For money damages against the Westboro Insurers in an amount to be proven at trial.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 11

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

12.3     Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

12.4     Enhanced IFCA Damages. For a discretionary award of enhanced IFCA damages against Eagle West that "increase[s] the total award of damages to an amount not to exceed three times the actual damages."

12.5     CPA Penalties. For CPA penalties against Country and Eagle West of up to $25,000 per violation.

12.6     Other Relief. For such other and further relief as the Court deems just and equitable.

### XIII.     DEMAND FOR JURY TRIAL

13.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 25th day of May, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, INSURANCE FAIR CONDUCT ACT VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 12

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660