UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTBORO CONDOMINIUM ASSOCIATION,<br><br>                        Plaintiff,<br>v.<br><br>COUNTRY CASUALTY INSURANCE COMPANY, COUNTRY MUTUAL INSURANCE COMPANY, EAGLE WEST INSURANCE COMPANY, and DOE INSURANCE COMPANIES 1-10,<br><br>                        Defendants. | No. 2:21-cv-00685-BJR<br><br>**ORDER RE: (1) PLAINTIFF'S MOTIONS IN LIMINE; AND (2) DEFENDANT'S MOTIONS IN LIMINE** |

## I.    INTRODUCTION

This lawsuit is an insurance coverage dispute, between the Westboro Condominium Association ("Plaintiff" or "Westboro") and Defendants Country Casualty Insurance Company and Country Mutual Insurance Company ("Defendants" or "Country"), relating to certain water damage at a condominium in Federal Way, Washington (the "Condominium"). A jury trial in this matter is scheduled to begin on February 17, 2023. Presently before the Court are six motions in limine filed by Plaintiff ("Pl. Mot.," Dkt. No. 54), and six motions in limine filed by Defendants ("Def. Mot.," Dkt. No. 52). Plaintiff and Defendants have filed briefs opposing each other's motions (Dkt. No. 57 ("Pl. Opp."); Dkt. No. 59 ("Def. Opp.")). Having reviewed the motions, the

ORDER RE: MOTIONS IN LIMINE - 1

record of the case, and the relevant legal authorities, the Court GRANTS several of the motions, and DENIES the others, as set forth in this order.

## II.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). By ruling in limine, the court "gives counsel advance notice of the scope of certain evidence" before trial. *Id*. at 1111-12. However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001). Evidence should be excluded pursuant to a motion in limine only when it is "inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III.  DISCUSSION

### A.  Plaintiff's Motions in Limine

#### 1.  Motion to Preclude Argument that Rain or Other Weather Conditions are Non-Fortuitous or "General Background Conditions"

Plaintiff moves to bar Defendants from making any argument at trial that wind-driven rain and other similar weather conditions are expected conditions, and therefore not covered perils under the policy. Pl. Mot. at 2-4. Defendants, in response, explain that they do not intend to argue that rain cannot constitute a cause of loss for being, as a general matter, a non-fortuitous (*i.e.*, expected) peril. Def. Opp. at 1-2. Rather, Defendants intend to argue that, "in the particular context of this case, rain should not be regarded as a cause' of the loss at all" since it simply provided a background source of water that caused damage only after that water seeped into the Condominium. *Id*. at 2-3. According to Defendants, their "general background conditions"

ORDER RE: MOTIONS IN LIMINE - 2

argument raises a factual matter as to causation – specifically, when the causal chain resulting in damage first began – which should be reserved for the jury.

The Court agrees with Plaintiff, and Defendants do not dispute, that Country should be precluded from arguing that the Condominium's damage is excluded on the basis that rain is a non-fortuitous peril. As the Court held in resolving the parties' cross-motions for summary judgment, wind-driven rain is a covered peril under the policies. Dkt. 51 at 9-10. Given the extent to which rain is regularly expected in Washington, any argument that rain constitutes a non-fortuitous peril would, if successful, transform rain from a covered peril into an excluded peril. *See Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 16-cv-1012, 2017 WL 5499809, at *3 (W.D. Wash. Nov. 16, 2017) ("[The] policy contains no exclusion for rain, and [insurer] cannot create one with a fortuitousness argument."). Country will not be permitted to ask the jury to rewrite its policy in such a way. Accordingly, Defendants are barred from arguing that rain is a non-fortuitous peril.

On the other hand, the Court will not bar Defendants from arguing that rain, in this case, operated as a "general background condition." Defendants, by their argument, seek to present to the jury an alternate version of the causal chain that led to the alleged damage – *i.e.*, a chain that began with water seeping into the Condominium's walls, and not one that began with rain. While Country may not argue that rain is an excluded peril under the policy, it may attempt to persuade the jury that rain, as a factual matter, did not play a role in the causal chain that resulted in the Condominium's damage. This is a factual question that is properly reserved for the jury. Accordingly, the Court grants Plaintiff's motion in part, and denies it in part, as explained above.

ORDER RE: MOTIONS IN LIMINE - 3

2. **Motion to Preclude Evidence or Argument that Claims are Barred by the Known Loss Defense because the Association Should Have Known about the Damage when It Purchased Its Policy**

Plaintiff argues that Defendants should not be allowed to argue or present evidence that the Association "should have known" about the Condominium's damage when it first purchased insurance. Pl. Mot. at 4-5. As the Court has observed, "the known loss doctrine requires an insurer to demonstrate *actual* knowledge of the claimed loss, not merely that an insured *should have known* that repairs would be needed." Dkt. No. 51 at 6. Plaintiff argues that evidence or argument that it should have known of the damage will confuse or mislead the jury as to the correct standard for the known loss defense, and that such evidence and argument should therefore be excluded under Federal Rule of Evidence 403.

Defendants will not be allowed (nor apparently do they intend) to argue that the standard for the known loss defense is that an insured "should have known" about the damage at issue. However, the Court will not exclude Country's expert opinion testimony that the Association should have known about the damage at issue. Such testimony may bear on the Association's actual knowledge or otherwise create an inference of actual knowledge. As Defendants succinctly and correctly state, "[e]vidence that the Association should have known something supports the inference that it did know it." Def. Opp. at 3. Plaintiff's concern that such testimony could cause confusion about the legal standard on the known loss defense will be addressed by the Court's instruction to the jury, at the appropriate time, as to the correct standard. Plaintiff's motion is therefore denied as set forth above.

3. **Motion to Preclude Evidence or Argument that Coverage is Barred by the Policy's Suit Limitation Provision**

Plaintiff moves to preclude Defendants from arguing that coverage is barred by the policy's two-year suit limitation provision, on the ground that the Association filed suit less than two years

ORDER RE: MOTIONS IN LIMINE - 4

after it purchased the policy.[1]  Pl. Mot. at 5.  However, the two-year limitation period set forth in the policy does not start to run at the time it is purchased, but "after the date on which the direct physical loss or damage occurred."  Dkt. 25, Ex. D at 22.  "In general terms, [] for an 'after a loss occurs' clause, the loss occurs – and the limitations period starts – when the loss's cause ends." *Eagle Harbour Condo. Ass'n v. Allstate Ins. Co.*, No. 15-cv-5312, 2016 WL 499301, at *2 (W.D. Wash. Feb. 9, 2016).  When the cause of the Condominium's damage ceased is a factual question that must be answered by the jury, and not by the Court on a motion in limine.  Accordingly, the Court denies this motion.

### 4. Motion to Preclude Evidence or Argument Regarding Multiple Occurrences or Deductibles

The policy's deductible is $10,000 "per occurrence." Plaintiff asks the Court to exclude argument or evidence that each "rain event" was a separate occurrence, and thus subject to a separate deductible. Plaintiff argues that under Washington law, "the kind of progressive and incremental damage at issue in this case 'is treated as a single, continuing occurrence.'" Pl. Mot. at 6 (quoting *Franssen Condo. Ass'n of Apartment Owners v. Country Mut. Ins. Co.*, 2022 WL 10419015, at *10 (W.D. Wash. Oct. 18, 2022).

The evidence and argument that Defendants apparently intend to advance, however, is not that each *rain event* constitutes a separate occurrence; but that each instance of damage to "discrete areas of eighteen different buildings" constitutes a separate occurrence. Def. Opp. at 4. As another court in this Western District recently observed, "the *number* of relevant occurrences for the purpose of interpreting the per occurrence deductible is different from the question

---

[1] The suit limitation provision states: "No one may bring a legal action against us under this insurance unless: …  The action is brought within two years after the date on which the direct physical loss or damage occurred."  Dkt. 25, Ex. D at 22

ORDER RE: MOTIONS IN LIMINE - 5

of *when* the relevant occurrence happens for the purpose of determining if there is coverage at all." *Ridge at Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, 2023 WL 22678, at *16 (W.D. Wash. Jan. 3, 2023). The law Plaintiff cites holding that progressive and incremental damage is a "single, continuing occurrence," consequently, does not bear on whether Defendants should be allowed to argue that damage to discrete areas of Plaintiff's condominium buildings constitutes separate occurrences for purposes of determining whether the deductible has been met. The Court will not allow evidence or argument that each "rain event" is a separate occurrence, and to this extent Plaintiff's motion in limine is granted. However, Plaintiff has failed to demonstrate that this exclusion should extend to evidence or argument that damage to discrete areas of Plaintiff's buildings constitutes separate occurrences for purposes of whether the deductible has been met.

     **5.**     **Motion to Preclude Evidence or Argument Regarding the "Amento Proposal"**

Plaintiff asks the Court to exclude Defendants' proposed Exhibit D17, an August 3, 2018 correspondence from Joel Thornburg of the Amento Group to Plaintiff's property manager, and the attached "Consulting & Project Management Proposal" (the "Amento Proposal"). The letter from the Amento Group, which Plaintiff describes as "an architectural company that also conducts building envelope investigations," states in relevant part, "We understand you are interested in retaining a Consultant to develop a Scope of Repair and provide oversight for a project to rehabilitate the exteriors of the 18 buildings on the property." Pl.'s Mot. at 8, n. 4; Ex. C to Burns Decl. Plaintiff asserts that the proposal was never accepted, and the Amento Group did not perform any work on Plaintiff's buildings.

Plaintiff argues that the statement quoted above is hearsay, and that none of the hearsay exceptions apply. Defendants are not attempting to establish, however, what *Thornburg* or *the*

ORDER RE: MOTIONS IN LIMINE - 6

*Amento Group* understood about Plaintiff's interest in retaining a consultant, or indeed, even what Plaintiff's interest in retaining a consultant actually was. The correspondence is dated within weeks of the beginning of Country's policy period. It is, Defendant argues, evidence of what *Plaintiff knew or did not know* about the condition of the buildings at the time it purchased the policy, which is relevant to Defendants' "known loss" defense.

The Court agrees with Defendants. As noted *supra*, § III.A.2., (regarding "Expert Testimony Concerning the Known Loss Defense"), evidence of the information that was available to Plaintiff (or in this instance, its property manager) regarding the condition of the buildings will tend to make the Plaintiff's actual knowledge of that condition more or less likely. Such evidence certainly includes correspondence regarding a rehabilitation proposal from a building envelope consulting firm. To the extent that Plaintiff's objection is that the letter lacks foundation, that problem presumably can be addressed at trial. If Plaintiff's witnesses have no idea how the Amento Group would have known about any interest Plaintiff may have had in retaining a consultant, they will have the opportunity to so testify. Plaintiff will also be able to present testimony as to whether it reviewed or responded (or did not respond) to the proposal; and to whether it otherwise had knowledge regarding the condition of the buildings at the time the policy was purchased. Nor does the document threaten to cause prejudice or confuse the jury; it is a simply written, straightforward document. Plaintiff's witnesses will have ample opportunity to discuss and explain its significance, or lack of significance, to the jury. This motion in limine is denied.

      **6.**      **Motion to Preclude Third-Party Statements in a Reserve Study**

Plaintiff seeks exclusion of Defendants' proposed Exhibit D3, a 2011 "Reserve Study" that was a "budget planning tool" concerning the Association's reserves and projected potential

ORDER RE: MOTIONS IN LIMINE - 7

expenses. *See* Ex. D to Burns Decl. In its in limine motion, Plaintiff quotes the following portions of the study:

> The work being done at these buildings is primarily based on active/obvious signs of water damage/rot **with the contractor reporting** the most problematic areas being at interfaces between roof and siding, windows and siding, . . . etc. This is not a comprehensive project repairing/reworking all problematic areas but primarily just the areas that are currently leaking and/or have signs/reports of water intrusion in the recent past . . . .
>
> We caution that the current type of "spot" repairs will not solve all problems and the association should anticipate work at siding/building envelope areas in the future . . . .
>
> While we are not factoring funding for window replacement within this study, **we spoke with the contractor working on the buildings currently and he expresses** great concern with these windows due to poor waterproofing details

*Id*. (emphasis in Pl.'s Mot.). Plaintiff objects in particular to the statements and opinions ascribed to "the contractor," arguing that the statements of this apparently unknown third party are hearsay.

Again, however, Defendants do not intend to introduce the statements in the Reserve Study to prove that the contractor reported certain issues, or to prove the truth of those reports. The statements, Defendants argue, are probative of Plaintiff's actual knowledge about the condition of the buildings at the time it purchased the policy, which is relevant to Defendants' known loss defense. As with the Amento Proposal, this exhibit goes to what Plaintiff knew about that condition, and when, and therefor is relevant evidence. Plaintiff's motion in limine is therefore denied.

///

///

ORDER RE: MOTIONS IN LIMINE - 8

### B.  Defendants' Motions in Limine

As noted above, Defendants also filed six separate motions in limine. The Court will reserve judgment on two of those motions – to bar the use of (1) the insurance policy at issue, and (2) coverage correspondence between the parties, as exhibits (*see* Def. Mot. at 3, 5-6) – pending a hearing (currently scheduled for February 15, 2023) on the parties' objections to various other trial exhibits.  As to Defendants' remaining motions, the Court resolves them below.

#### 1.  Motion to Bar Evidence of Past Settlements by Plaintiff or Country Mutual

Defendants seek to bar Plaintiff from introducing evidence of Country's settlement of similar disputes in the past, arguing that it would pose unfair prejudice and require Country to waste time explaining the differences between previous settled cases and the present case.  Def. Mot. at 3-4.  Plaintiff, in response, explains that it "will only offer evidence that the cases were settled and will not get into any details with respect to settlement."  Pl. Mot. at 5, n.4.  According to Plaintiff, evidence of past settlements is probative of Country's bad faith – *i.e.*, in denying the Association's insurance claim – insofar as such evidence demonstrates that Country "denies all wind-driven rain claims and then subsequently settles them."  Pl. Opp. at 3-5.

The Court finds that evidence of Country's past settlements is of tenuous relevance to Plaintiff's bad faith claim. Furthermore, any probative value of that evidence is substantially outweighed by the danger of unfair prejudice to Country, and the jury being misled, as is excludable under Rule 403.  In particular, evidence of Country's past settlements may easily (and inappropriately) signal to the jury, which would have no understanding of those cases or the reasons they settled, that the Association's coverage claim should also have merit.  Moreover, any attempt by Defendants to confront that evidence – which, as they point out, would inevitably involve litigating the distinctions between the allegedly similar cases and this lawsuit – would lead

ORDER RE: MOTIONS IN LIMINE - 9

to a time-consuming and wasteful sideshow. The Court, therefore, will preclude Plaintiff from introducing evidence of Country's past settlements. Defendants' motion is granted.

### 2.  Motion to Bar Evidence or Argument about Court Decisions or Case Outcomes in Other Insurance Cases

Defendants ask the Court to bar Plaintiff from introducing evidence or making arguments about prior court decisions or outcomes in other insurance cases, contending that doing so would require the parties to "engage in a proxy battle" using other case outcomes to make their arguments. Def. Mot. at 4. In response, Plaintiff explains that it only intends to rely upon recent summary judgment orders issued in two other lawsuits to demonstrate that Country acted in bad faith by denying the Association's claim despite those decisions, which interpreted certain policy provisions in the plaintiff's favor. Pl. Opp. at 6-7.

As an initial matter, the Court finds that Plaintiff's proposed use of those orders is excludable under Rule 403 for the same reasons as its proposed use of Country's past settlements. *See supra* § III.B.1. Moreover, the orders Plaintiff cites – *Franssen Condo. Ass'n of Apartment Owners v. Country Mut. Ins. Co.*, No. 2:21-cv-00295, 2022 WL 10419015 (W.D. Wash. Oct. 18, 2022) and *Ridge at Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, No. 21-cv-00950, 2023 WL 22678, at *1 (W.D. Wash. Jan. 3, 2023) – were issued well after Country Mutual denied the Association's claim in December 2020. *See* Dkt. 25, Ex. C. As such, those orders do not bear on whether Country acted in good faith in this matter, as Country could not have known about them when it denied the Association's claim. Accordingly, the Court finds that those orders lack relevance, and that their use at trial would be unfairly prejudicial and wasteful of the Court's and jury's time. The Court therefore grants Defendants' motion.

ORDER RE: MOTIONS IN LIMINE - 10

### 3. Motion to Bar Argument Suggesting that the Court Ruled for or Against a Party in Pretrial Motions

Defendants seek to preclude Plaintiff from making arguments suggesting that the Court ruled for or against a party in any pretrial motion, arguing that such references have no relevance and can only cause unfair prejudice to Country. Def. Mot. at 5. In response, Plaintiff contends that it intends to make such arguments only "because Country Mutual refuses to agree to jury instructions that follow the Court's rulings," as to the scope of coverage, in resolving the parties' cross-motions for summary judgment. Pl. Opp. 7-8. Plaintiff's argument is frivolous. Any party's reference to having prevailed on a specific legal issue on summary judgment has no relevance at trial and would unfairly prejudice the other party. At the appropriate time, the Court will issue jury instructions that conform to its summary judgment rulings, regardless of whether Country agrees to those instructions. The Court, therefore, grants Defendants' motion.

### 4. Motion to Bar Evidence of Other Damages Under the CPA or IFCA

Defendants ask the Court to preclude Plaintiff from introducing evidence of damages on its CPA and IFCA claims other than enhanced damages, and attorney's fees and costs, provided under those statutes. Def. Mot. at 5. Defendants contend that Plaintiff, in its initial disclosures and pre-trial statement, identified only those damages categories, such that Plaintiff should not be able to pursue a new damages category at this late stage. *Id.* at 5. In response, Plaintiff states that it is only seeking those already identified damages. Pl. Opp. at 8-9. As such, Plaintiff does not appear to oppose this motion. The Court, agreeing with Defendants in any event, grants the motion.

///
///

ORDER RE: MOTIONS IN LIMINE - 11

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS and DENIES Plaintiff's and Defendants' motions in limine as set forth in this order.

SO ORDERED.

Dated: February 10, 2023.

*Barbara J. Rothstein*
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: MOTIONS IN LIMINE - 12